## SORRELL *vs.* JACKSON.

The Act of 1852, *Pamphlet*, p. 248, dispensing with the *consideration*, being stated in a written agreement to answer for the debt, default or miscarriage of another, is not repealed by the Act of 1856, *Pamphlet*, p. 260. This latter Act repealed the Act of 1854, *Pamphlet*, p. 58, declaring that the Statute of Frauds and Perjuries should not operate in cases where there has been a performance of the agreement in whole or in part.

Complaint, in Dougherty Superior Court. Tried before Judge ALLEN, at June Term, 1860.

The plaintiff in error brought his action against defendant on the draft of which the following is a copy :

" $625 00.                    ALBANY, Sept. 10, 1857.

" Thirty days after date, please pay to my own order, at Agency of the Planters' Bank State of Georgia, in this city, being an advance on my present growing crop of cotton which shall be consigned to you and proceeds applied by you to the payment of this draft.      [Signed]

"JOHN A. FREEMAN.

" To J. JACKSON, Albany, Ga.

(In pencil mark at bottom.)

" Accepting fees paid in advance."

The draft was endorsed by H. H. Herring, M. Williams, John B. Vanover.

When this draft was offered in evidence on the trial, defendant objected to it on the ground that there was no consideration expressed in the instrument itself, and it was therefore obnoxious to the Statute of Frauds, which objection the Court sustained.

Plaintiff then offered to show that the pencil mark on said draft was in the hand-writing of said defendant; and further, that said acceptance or guaranty of defendant was made in his regular business as commission merchant, and that the commission for accepting were paid in advance—which motion the Court refused, holding that the law requires the consideration to be expressed in writing.

The jury found for defendant, and counsel for plaintiff excepted to the same and to the said rulings of the Court.

HINES & HOBBS, for plaintiff in error.

IRWIN & BUTLER.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Concede the writing is a guaranty and not an acceptance, still it is actionable.   No consideration need be stated in the writing.   *Pamphlet Acts of* 1851–2, p. 243.

And it is a mistake to suppose that the Act of 1852 was repealed by the Act of 1856, as supposed by the Compiler

of the laws for 1856. This latter Act repealed the Act of 20th February, 1854, *Pamphlet, p.* 58, and not the Act of 1852, cited above, and which remains in full force.

A glance at these several statutes will demonstrate this. The Act of 1856 purports to be "An Act to alter, amend and explain Section 4th of an Act entitled an Act for the prevention of frauds and perjuries." And this Act, by a line and a half, it expressly repeals. The Act of 1852 is "An Act to give a construction to the 4th Section of the Statute of Frauds, so far as the same relates to a party defendant being chargeable upon any special promise to answer for the debt, default or miscarriage of a third person."

The Act of 1856 manifestly, then, does not fit this Act. But the intermediate Act of 1854, which the compiler no doubt overlooked, purports to be "An Act to alter, amend and explain Section 4th of an Act entitled an Act for the prevention of frauds and perjuries;" and this is the identical Act designated in the Act of 1856, and which it intended to repeal and did repeal.

The Act of 1852, dispensing with the consideration, being expressed in the written agreement, provided the agreement itself was reduced to writing, is a good Act—one rendered necessary to correct the absurd construction put by the British Courts upon the Statute of Frauds and Perjuries, and which the Courts in this State felt bound to follow, contrary to my judgment. But the Act of 1854, declaring that the Statute of Frauds and Perjuries should not operate in cases where there has been a performance of the agreement, either in whole or in part, was of doubtful propriety; and one about which even lawyers might differ in opinion.

The decisions of the Courts had gone pretty far that way as the law stood; not quite to the extent to which the Act goes. The Act of 1854 would make the payment of the purchase-money in whole or in part, such a part performance as would take the case out of the operation of the Statute of Frauds. But the decisions of the Courts have never gone that far. For myself, I should have voted for the Act of 1854 and against its repeal.